# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2535-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joseph M. Capistrant, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Joseph M. Capistrant, |
| | Respondent. |

### DISCIPLINARY PROCEEDINGS AGAINST CAPISTRANT

| | |
|---|---|
| OPINION FILED: | August 18, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP2535-D

STATE OF WISCONSIN          :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Joseph M. Capistrant, Attorney at Law:**

**Office of Lawyer Regulation,**

        Complainant,

     **v.**

**Joseph M. Capistrant,**

        Respondent.

**FILED**

**AUG 18, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee Daniel L. Icenogle's recommendation that the court suspend the Wisconsin law license of Attorney Joseph M. Capistrant for a period of 90 days for professional misconduct. The referee also recommended that Attorney Capistrant pay the costs of the proceeding, which total $574.94 as of June 1, 2015.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting our independent review of the matter, we agree with the referee that, based on Attorney Capistrant's failure to answer the complaint filed by the Office of Lawyer Regulation (OLR), the OLR is entitled to a default judgment. We further agree with the referee that Attorney Capistrant's professional misconduct warrants a 90-day suspension of his Wisconsin law license, and that he should be ordered to pay the full costs of the proceeding.

¶3 Attorney Capistrant was admitted to practice law in Wisconsin in 2007. Attorney Capistrant is also licensed to practice law in Minnesota.

¶4 According to the OLR's complaint, Attorney Capistrant's Wisconsin law license is currently suspended for his failure to comply with mandatory continuing legal education (CLE) reporting requirements, failure to pay bar dues and assessments, and failure to file the required trust account certification.

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶5   According to the OLR's complaint, Attorney Capistrant's Wisconsin law license was suspended during certain periods in the years 2010 through 2012 for his failure to comply with mandatory CLE reporting requirements.

¶6   The OLR filed the current complaint against Attorney Capistrant in October 2014.  The complaint alleges eight counts of professional misconduct in connection with Attorney Capistrant's work in seven legal matters during the years 2010 through 2012.

¶7   Repeating the allegations of each separate matter here is not necessary.  Attorney Capistrant's conduct followed a common theme.  He practiced law with a suspended law license and without telling clients, courts, and opposing counsel about his license suspension.  He failed to diligently pursue certain cases, including matters that he allowed to languish after the circuit court or opposing counsel voiced concerns about his law license status.  He used letterhead that stated he was "admitted in the State of Wisconsin" when his Wisconsin law license was suspended.

¶8   The complaint also alleges that in April 2011, Attorney Capistrant filed a petition for reinstatement of his Wisconsin law license, in which he failed to disclose all incidents of practice during his period of suspension.

¶9   Based on this course of conduct, the OLR alleged in its complaint that Attorney Capistrant:

- practiced law on behalf of various clients despite the fact that his Wisconsin law license had been

3

suspended, contrary to SCR 31.10(1)[2] and SCR 22.26(2),[3] enforced via SCR 20:8.4(f)[4] (Count One);

---

[2] SCR 31.10(1) provides:

If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[3] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

4

- failed to act with reasonable diligence and promptness in several client matters, contrary to SCR 20:1.3[5] (Count Two);

- failed to advise clients, courts, and opposing counsel of the suspension of his Wisconsin law license, and thereby failed to explain matters to the extent reasonably necessary to permit his clients to make an informed decision regarding representation, contrary to SCR 20:1.4(b)[6] (Count Three); engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, contrary to SCR 20:8.4(c)[7] (Count Four); failed to notify his clients by certified mail of his license suspension and failed to advise them to seek legal advice

---

[4] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[6] SCR 20:1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[7] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

elsewhere, contrary to SCR 22.26(1)(a) and (b),[8] enforced via SCR 20:8.4(f) (Count Five); and failed to provide written notification of his suspension and inability to act as an attorney to the courts and to opposing counsel, contrary to SCR 22.26(1)(c),[9] enforced via SCR 20:8.4(f) (Count Six);

- failed to keep his clients reasonably informed and to explain matters to the extent reasonably necessary to permit his clients to make an informed decision regarding representation, contrary to

---

[8] SCR 22.26(1)(a) and (b) provide that, on or before the effective date of license suspension, an attorney whose license is suspended shall "[n]otify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation" and "[a]dvise the clients to seek legal advice of their choice elsewhere."

[9] SCR 22.26(1)(c) provides that, on or before the effective date of license suspension, an attorney whose license is suspended shall:

Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

SCR 20:1.4(a)(3)[10] and SCR 20:1.4(b) (Count Seven); and

- made false or misleading communications about himself and his legal services, contrary to SCR 20:7.1(a)[11] and SCR 20:7.5(a)[12] (Count Eight).

¶10 The OLR personally served the complaint and an order to answer on Attorney Capistrant. Attorney Capistrant failed to file an answer, and the OLR moved for default judgment.

¶11 The referee sent notice of a hearing on the OLR's motion for default judgment by certified mail to Attorney Capistrant, who signed for the certified letter but failed to appear for the hearing.

¶12 The referee issued a decision recommending that this court grant the OLR's motion for default judgment. In so doing,

---

[10] SCR 20:1.4(a)(3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter."

[11] SCR 20:7.1(a) provides that a lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services, such that it "contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading."

[12] SCR 20:7.5(a) provides:

A lawyer shall not use a firm name, letterhead or other professional designation that violates SCR 20:7.1. A trade name may be used by a lawyer in private practice if it does not imply a connection with a government agency or with a public or charitable legal services organization and is not otherwise in violation of SCR 20:7.1.

the referee implicitly incorporated by reference the allegations in the OLR's complaint and deemed them established. The referee also recommended a 90-day suspension of Attorney Capistrant's Wisconsin law license and the imposition of the full costs of this proceeding against him.

¶13 Attorney Capistrant did not appeal from the referee's report and recommendation. Thus, we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶14 We agree with the referee that Attorney Capistrant should be declared in default. Although the OLR effected personal service of its complaint, and although Attorney Capistrant was given notice of the hearing on the motion for default judgment, he failed to appear or present a defense. Accordingly, we deem it appropriate to declare him in default.

¶15 We agree with the referee that the allegations in the OLR's complaint have been established and that Attorney Capistrant engaged in the eight counts of misconduct alleged in the complaint. We further agree that a 90-day license suspension is an appropriate sanction for Attorney Capistrant's misconduct. See, e.g., In re Disciplinary Proceedings Against

8

Grady, 2003 WI 144, 267 Wis. 2d 115, 671 N.W.2d 649 (imposing a 90-day license suspension for attorney's representation of clients for two years after license suspension and his subsequent denial of this conduct to OLR staff). Finally, we agree that Attorney Capistrant should pay the full costs of the proceeding.

¶16  IT IS ORDERED that the license of Joseph M. Capistrant to practice law in Wisconsin is suspended for a period of 90 days, effective September 17, 2015.

¶17  IT IS FURTHER ORDERED that within 60 days of the date of this order, Joseph M. Capistrant shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶18  IT IS FURTHER ORDERED that Joseph M. Capistrant shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶19 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).