# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2020AP1007-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joseph Michael Capistrant, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Joseph M. Capistrant,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CAPISTRANT

| | |
|---|---|
| OPINION FILED: | May 25, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP1007-D

STATE OF WISCONSIN        :        IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Joseph Michael Capistrant,
Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

    v.

Joseph M. Capistrant,

      Respondent.

**FILED**

**MAY 25, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On June 12, 2020, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22, asking this court to suspend Attorney Joseph M. Capistrant's license to practice law in Wisconsin for a period of 60 days, as discipline reciprocal to that imposed by the Supreme Court of Minnesota, yet consistent with Supreme Court of Wisconsin precedent and to order Attorney Capistrant to pay restitution of

$547 to his client. Upon careful review, we agree that it is appropriate to suspend Attorney Capistrant's law license for a period of 60 days. Since this matter did not require submission to a referee, we impose no costs.

¶2 Attorney Capistrant was admitted to practice law in Wisconsin in 2007. He was admitted to practice law in Minnesota in 1987. The most recent address Attorney Capistrant has furnished to the State Bar of Wisconsin is in Osseo, Minnesota. Attorney Capistrant's Wisconsin law license has been administratively suspended since June 12, 2012 for failure to comply with Wisconsin continuing legal education requirements and since October 31, 2012 for failure to pay state bar dues and file a trust account certification.

¶3 In 2015, this court suspended Attorney Capistrant's law license for 90 days. In re Disciplinary Proceedings Against Capistrant, 2015 WI 88, 364 Wis. 2d 530, 868 N.W.2d 595. He has not been reinstated from that disciplinary suspension.

¶4 On March 14, 2017, the Minnesota Office of Lawyers Professional Responsibility (OLPR) petitioned the Supreme Court of Minnesota to discipline Attorney Capistrant. In 2014, D.Y. hired Attorney Capistrant to probate his son's estate and make changes to some family documents. D.Y. paid Attorney Capistrant $547 for expected expenses. Attorney Capistrant did not deposit the money into his trust account, did not use the funds toward their intended purpose, and did not file the probate action. Attorney Capistrant also did not respond to D.Y. or his daughter's communications about

2

the matter, did not refund the $547, and did not respond to the OLPR's attempt to investigate his client's grievance.

¶5 On January 10, 2018, the Supreme Court of Minnesota disbarred Attorney Capistrant. Attorney Capistrant did not inform the OLR of the 2018 Minnesota disbarment within 20 days. The OLR's complaint averred that the OLR's director determined that Wisconsin precedent justifies a 60-day suspension of Attorney Capistrant's Wisconsin Law license.

¶6 On November 10, 2020, this court directed Attorney Capistrant to inform the court in writing within 20 days of any claim by him that the imposition of reciprocal discipline, as requested in the OLR's complaint, would be unwarranted. Attorney Capistrant did not file a response.

¶7 On February 24, 2021, this court directed the parties to inform the court in more detail why a 60-day suspension, rather than revocation, which would be comparable to the sanction imposed in Minnesota, would be an appropriate level of discipline. The OLR filed a response on March 17, 2021.

¶8 The OLR's response states that Minnesota's disciplinary system uses a different method of "counts" and rule violations than does Wisconsin. The OLR explains that in Minnesota, the misconduct related to Attorney Capistrant's handling of the D.Y. matter is one count, and his non-cooperation is another count. The OLR says within these counts, the Minnesota action combined multiple violations into one unofficial sub-count. The OLR explains that it determined that the equivalent Wisconsin counts would be as follows:

3

- By misappropriating D.Y.'s $547, Attorney Capistrant violated SCR 20:8.4(c).[1]

- By failing to deposit D.Y.'s advanced fee payment of $547 into his trust account, Attorney Capistrant violated SCR 20:1.15(b)(1).[2]

- By failing to file the D.Y. probate matter and pay related expenses, Attorney Capistrant violated SCR 20:1.3.[3]

- By failing to keep D.Y. reasonably informed of the probate matter's status and failing to respond to his client's reasonable requests for information, Attorney Capistrant violated SCR 20:1.4(a)(3)[4] and SCR 20:1.4(a)(4).[5]

---

[1] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[3] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[5] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

4

- By failing to respond to D.Y.'s grievance and the OLPR's requests for information, Attorney Capistrant violated SCR 22.03(2)[6] and SCR 22.03(6),[7] enforceable via SCR 20:8.4(c).

¶9 The OLR states that the Minnesota discipline was at heart a one-client matter and the amount of converted funds was relatively low at $547. The OLR cites a number of cases in which this court has previously suspended attorneys for 60 days for similar misconduct.

¶10 Under our rules and precedent, this court shall impose the identical discipline imposed by another jurisdiction unless one or more of the enumerated exceptions in SCR 22.22(3) is shown. One of the exceptions is that the misconduct justifies substantially different discipline in this state. See

---

[6] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

SCR 22.22(3)(c). Upon careful review of this matter and particularly after reviewing the OLR's response to this court's February 24, 2021 order, we agree that if this case had been prosecuted by the OLR, a 60-day suspension of Attorney Capistrant's license would have been the likely outcome.

¶11 Although no two disciplinary proceedings are identical, we find the misconduct at issue here somewhat analogous to the misconduct at issue in In re Disciplinary Proceedings Against Bartz, 2015 WI 61, 362 Wis. 2d 752, 864 N.W.2d 881. The attorney in that case was suspended for 60 days for converting $3,271 in settlement proceeds that he was supposed to hold in trust and in failing to inform his client of an administrative suspension. In addition, we find this case somewhat analogous to In re Disciplinary Proceedings Against Sarbacker, 2017 WI 86, 377 Wis. 2d 484, 901 N.W.2d 373. Attorney Sarbacker was suspended for 60 days for dispersing a client's fund to himself, having no written fee agreement, failing to timely respond to the grievance filed against him, and pleading guilty to an unrelated misdemeanor. Based on these somewhat similar cases, we agree with the OLR that the misconduct at issue here justifies substantially different discipline than that imposed by the Supreme Court of Minnesota.

¶12 We agree with the OLR that Attorney Capistrant should be required to make restitution to D.Y. in the amount of $547. Since this matter was resolved without the appointment of a referee, we impose no costs.

6

¶13   IT IS ORDERED that the license of Joseph M. Capistrant to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶14   IT IS FURTHER ORDERED, that within 60 days of the date of this order, Joseph M. Capistrant shall make restitution to D.Y. in the amount of $547.

¶15   IT IS FURTHER ORDERED that, to the extent he has not already done so, Joseph M. Capistrant shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶16   IT IS FURTHER ORDERED that compliance with all conditions of this order are required for reinstatement.  See SCR 22.28(2).

¶17   IT IS FURTHER ORDERED that the administrative suspension of Joseph M. Capistrant's license to practice law due to his failure to comply with continuing legal education requirements and failure to pay state bar dues and comply with trust account certification requirements shall remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).