IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Frederick N. TROWBRIDGE, Attorney at Law.

Supreme Court

*No. 92–0711–D. Submitted on briefs May 26, 1993.—Decided
June 24, 1993.*

(Also reported in 501 N.W.2d 452.)

For the Board of Attorneys Professional Responsi-
bility there were briefs by *Richard P. Mozinski,*
Manitowoc.

For Frederick N. Trowbridge there was a brief by *Vance M. Waggoner,* Green Bay.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

This is an appeal by the Board of Attorneys Professional Responsibility (Board) from the referee's recommendation that Attorney Trowbridge's professional misconduct be disciplined by a public reprimand. That misconduct consisted of the failure to pursue a client's medical malpractice claim and permitting the statute of limitations on that claim to run without filing an action on the client's behalf, failing to keep that client reasonably informed about the status of that matter and to respond to his numerous requests for information concerning it, failure to hold client trust funds separate from his own, failing to keep required trust account records, falsely certifying to the State Bar his compliance with the trust account recordkeeping requirements and appropriating to himself funds belonging to his mother's estate, which he served as personal representative. The Board took the position that the seriousness of the misconduct, considered in light of a prior private reprimand the Board imposed on Attorney Trowbridge for similar misconduct, warrants a minimum license suspension of 60 days.

We determine that a minimum license suspension is appropriate discipline to impress upon Attorney Trowbridge the need to act promptly on behalf of clients and respond to their requests for information concerning action he has taken in the legal matters they have retained him to pursue and to hold client funds in trust separate from his own and comply with the court's record-keeping requirements governing cli-

ent trust accounts. To ensure that compliance, we also impose the condition recommended by the referee requiring the periodic examination of Attorney Trowbridge's trust account records by a designee of the Board.

Attorney Trowbridge was admitted to practice law in Wisconsin in 1959 and practices in Green Bay. He has not previously been the subject of a formal disciplinary proceeding but in 1987 the Board privately reprimanded him, with his consent, for neglect of client matters. The referee in this proceeding is the Honorable Timothy L. Vocke, reserve judge.

Attorney Trowbridge stipulated to all of the factual allegations of the Board's complaint in this proceeding and the referee made findings accordingly. In the spring of 1985, a man retained Attorney Trowbridge to represent him in a malpractice action following allegedly unsuccessful surgery. The client obtained his medical records the following October and sent them to Attorney Trowbridge. Between late November, 1987 and late November, 1989, the client wrote Attorney Trowbridge 11 times describing the continuation of his symptoms and his exigent financial condition and asking when the malpractice case would be completed. Although he met with the client in January, 1988 and left a telephone message for him the following June, Attorney Trowbridge did not answer the client's questions regarding the status of his case.

Between December 15, 1988 and November 10, 1989, in response to the client's letters concerning his financial situation, Attorney Trowbridge sent him eight checks drawn on his client trust account totaling $850. However, at no time during that period did the client have any funds on deposit in that trust account. Because of Attorney Trowbridge's failure to keep the

appropriate records of his trust account activity, ownership of the $850 paid to the client was unclear. Moreover, from December, 1988 to November, 1989, Attorney Trowbridge had some of his own funds in the client trust account.

When the client asked Attorney Trowbridge to give him a $2,000 advance against the anticipated proceeds from the malpractice action in November, 1989, Attorney Trowbridge wrote the client that the statute of limitations on the malpractice claim had expired and told him that if he would have had a legitimate claim that would now be barred by the statute, the client would have a potential malpractice claim against him. Attorney Trowbridge never explained to the client why he had not timely prosecuted the malpractice case.

In his law practice, Attorney Trowbridge did not maintain a cash receipts journal listing the sources and dates of each receipt for his trust account, a disbursement journal listing the dates and payees of each disbursement and a subsidiary ledger for each person or company on whose behalf funds had been received, all of which records are required to be kept by court rule, SCR 20:1.15(e).[1] Nevertheless, Attorney Trow-

---

[1] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary

bridge executed and filed with the State Bar each year from 1988 to 1990 the annual trust account certification stating that he had complied with each of the record-keeping requirements set forth in that rule.

In another matter, in March, 1989, while serving as personal representative of his mother's estate, of which he and his sister were sole heirs and which was valued at approximately $900,000, Attorney Trowbridge deposited into his client trust account a $300 check payable to him in his capacity as personal representative. Although the check was issued to him as personal representative of the estate, Attorney Trowbridge testified that he believed the money must have been his in his individual capacity as a partial payment of his fee as personal representative and for that reason he deposited it into his trust account and treated it as his own property. However, the lawyer for the estate subsequently told the Board that the estate had paid Attorney Trowbridge $10,500 in full payment of his personal representative fee and that the $300 check represented funds belonging to the estate. Further, the estate's attorney had delivered the check to Attorney Trowbridge expecting that he would deposit it into the estate's checking account. Attorney Trowbridge never told the estate's attorney that he treated the check as a distribution from the estate for his fee. He also never

ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

made an adjustment in the distribution of the estate assets to compensate for the $300 he took as part of his personal representative fee.

The referee concluded, as the parties had stipulated, that Attorney Trowbridge's conduct in these matters violated the following provisions of the Rules of Professional Conduct for Attorneys.

His failure to keep a client reasonably informed of the status of the client's case, the failure to comply promptly with reasonable requests from the client for information concerning it and the failure to handle the client's case with reasonable diligence violated SCR 20:1.4(a)[2] and 1.3.[3]

His deposit into his client trust account of funds belonging solely to himself that exceeded any amount reasonably sufficient to pay account service charges violated SCR 20:1.15(a).[4]

---

[2] SCR 20:1.4 provides:

**Communication**

(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:1.15 provides:

**Safekeeping property**

(a)   A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging

His failure to keep a cash receipts journal, a disbursements journal and individual client ledgers for his trust account violated SCR 20:1.15(e).

By falsely certifying on three successive annual statements filed with the State Bar that he was in compliance with trust account record-keeping requirements, he violated SCR 20:1.15(g).[5]

His conversion to his own use of the $300 check payable to him as personal representative of his mother's estate constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[6]

As discipline for that misconduct, the referee recommended that the court publicly reprimand Attorney

to the lawyer or law firm except funds reasonably sufficient to pay account serve charges may be deposited in such an account. . . .

[5] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(g)   A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements set forth in paragraph (e) hereof. . . . The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action . . . .

[6] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

Trowbridge and require that his trust account records be examined periodically by a designee of the Board, although the referee did not specify the period of time for which that condition should be imposed.

In this appeal, the Board argued that the private reprimand it imposed on Attorney Trowbridge in 1987 for his neglect of client matters constitutes an aggravating factor to be considered in this proceeding, as the prior reprimand was issued while Attorney Trowbridge was failing to properly represent the client in the medical malpractice matter. The Board took the position that the private reprimand, which was imposed two years after Attorney Trowbridge was retained to represent the client on the medical malpractice claim, should have put Attorney Trowbridge on notice that his continuing to neglect client matters would subject him to further discipline.

The Board also contended that Attorney Trowbridge's taking of the $300 of funds belonging to his mother's estate and his false certifications of compliance with the trust account record-keeping rules constitute misconduct far more serious than the referee considered it to be. The Board argued that a minimum license suspension of 60 days is warranted to impress upon Attorney Trowbridge the seriousness of that misconduct and to deter other attorneys from engaging in similar misconduct.

We agree. In addition to the 60-day suspension, the condition we impose requiring Attorney Trowbridge to submit his trust account records to the Board for a verification that he is in compliance with the court's trust account record-keeping rules will afford adequate protection to Attorney Trowbridge's clients whose property may be entrusted to his safekeeping.

for 60 days, commencing July 19, 1993, for professional misconduct.

IT IS FURTHER ORDERED that for a period of two years, commencing the date of this order, Frederick N. Trowbridge shall submit his trust account records to a designee of the Board of Attorneys Professional Responsibility at such times as the Board may designate.

IT IS FURTHER ORDERED that within 60 days of the date of this order Frederick N. Trowbridge pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Frederick N. Trowbridge to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Frederick N. Trowbridge comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.