# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2918-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David J. Bartz , Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>David J. Bartz,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BARTZ

| | |
|---|---|
| OPINION FILED: | June 25, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP2918-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against David J. Bartz , Attorney at Law:**

**Office of Lawyer Regulation,**

 **Complainant,**

 **v.**

**David J. Bartz,**

 **Respondent.**

**FILED**

**JUN 25, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney David J. Bartz. In the stipulation, Attorney Bartz agrees that he committed five counts of professional misconduct. He also agrees that a 60-day suspension of his license to practice law in Wisconsin is an appropriate sanction, and he agrees to pay restitution to one client and to the Wisconsin Lawyers' Fund for Client Protection

(Fund). The OLR is not seeking an assessment of costs against Attorney Bartz.

¶2 After careful review of the matter, we approve the stipulation. We agree that a 60-day suspension of Attorney Bartz's license to practice law in Wisconsin is an appropriate level of discipline. We also agree that Attorney Bartz should be ordered to pay restitution. Because this matter is being resolved without the appointment of a referee, we do not impose any costs on Attorney Bartz.

¶3 Attorney Bartz was admitted to practice law in Wisconsin in 1989. He practiced in Madison. In 1999, he received a consensual private reprimand for misconduct involving his failure to employ the requisite preparation reasonably necessary for competent representation of a client. Private Reprimand No. 1999-19.

¶4 In 2011, Attorney Bartz's Wisconsin law license was suspended for his failure to pay State Bar dues and failure to file trust account certification. In 2012, he was administratively suspended for failure to comply with continuing legal education requirements. On October 16, 2012, this court temporarily suspended his Wisconsin law license for his willful failure to cooperate in two OLR investigations. His license remains suspended.

¶5 On December 18, 2014, the OLR filed a complaint alleging that Attorney Bartz had engaged in five counts of misconduct with respect to his representation of P.M. In 2008, P.M. was injured in a car accident. He was treated by Walnut

Grove Chiropractic (Walnut Grove). In November of 2009, P.M. hired Attorney Bartz to represent him in a personal injury claim concerning the car accident. P.M. signed a written fee agreement. Under the terms of the agreement, Attorney Bartz would collect a 15% contingent fee if the case settled before trial. The agreement provided that P.M. would be responsible for costs.

¶6 In April of 2010, Attorney Bartz settled P.M.'s claim for $5,021. The settlement statement provided that Attorney Bartz's fee would be $753.15, that P.M. would receive $996.85, and that Walnut Grove's balance was $3,271. The settlement statement required Attorney Bartz to hold the funds due to Walnut Grove in his trust account while he tried to negotiate a lower payout to Walnut Grove.

¶7 On April 7, 2010, Attorney Bartz deposited the $5,021 settlement check into his trust account. On April 9, 2010, Attorney Bartz paid P.M. $996.85 and paid himself $755. On April 14, 2010, Walnut Grove agreed to accept $2,191.80 to settle their bill. Attorney Bartz never paid Walnut Grove.

¶8 Between April 15 and May 14, 2010, Attorney Bartz disbursed six trust account checks payable to himself, leaving no funds in trust attributable to either Walnut Grove or P.M. In late October of 2011, Attorney Bartz told P.M. that he would pay Walnut Grove's bill.

¶9 On October 31, 2011, Attorney Bartz's license to practice law was suspended for failure to pay his annual bar dues. Attorney Bartz never informed P.M. of his suspension.

3

¶10 In 2012, P.M. filed a grievance against Attorney Bartz with the OLR. The OLR sent Attorney Bartz two letters notifying him that he was required to respond to the grievance. Attorney Bartz never responded. As a result, this court temporarily suspended Attorney Bartz's Wisconsin law license due to his failure to cooperate with the OLR.

¶11 In September of 2012, the Fund paid P.M. $2,191.80 as partial reimbursement for the funds Attorney Bartz had misappropriated.[1]

¶12 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Bartz's representation of P.M.:

[Count One] By failing to promptly disburse to Walnut Grove funds it was entitled to receive, Bartz violated SCR 20:1.15(d)(1).[2]

[Count Two] By failing to continue to hold in trust $3,271 of settlement proceeds belonging to others, Bartz violated SCR 20:1.15(b)(1).[3]

---

[1] The amount paid by the Fund represents the amount Walnut Grove had agreed to accept to settle its account with P.M.

[2] SCR 20:1.15(d)(1) provides:

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

4

[Count Three] By misappropriating funds held in trust, Bartz violated SCR 20:8.4(c).[4]

[Count Four] By failing to inform [P.M.] that his Wisconsin law license had been suspended, Bartz violated SCR 22.26,[5] enforceable via SCR 20:8.4(f).[6]

[Count Five] By failing to respond to OLR's written requests for information regarding its

---

[3] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[4] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] SCR 22.26 provides, in relevant part:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

. . . .

[6] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

investigation of the [P.M.] grievance, Bartz violated SCR 22.03(2) and (6),[7] enforceable via SCR 20:8.4(h).[8]

¶13 On March 3, 2015, the parties filed a stipulation whereby Attorney Bartz admitted the five counts of misconduct alleged in the OLR's complaint. In the stipulation, Attorney Bartz represents that he fully understands the misconduct allegations, the ramifications should the court impose the stipulated level of discipline, his right to contest the matter,

---

[7] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[8] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

and his right to consult with counsel. He further avers that his entry into the stipulation is made knowingly and voluntarily and represents his decision not to contest the misconduct alleged in the complaint, the level and type of discipline sought by the OLR's director, or the restitution sought.

¶14 Having carefully considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. We agree that a 60-day suspension of Attorney Bartz's license to practice law in Wisconsin is an appropriate level of discipline. Although no two disciplinary matters are identical, a 60-day suspension is consistent with sanctions imposed in somewhat similar cases. See, e.g., In re Disciplinary Proceedings Against Barrock, 2007 WI 24, 299 Wis. 2d 207, 727 N.W.2d 833 (60-day suspension imposed for six counts of misconduct arising out of attorney's failure to hold settlement funds subject to third-party claim in trust account); In re Disciplinary Proceedings Against Riegleman, 2003 WI 3, 259 Wis. 2d 1, 657 N.W.2d 339 (60-day suspension imposed for three counts of misconduct arising out of attorney's failure to notify lienholder of settlement and unauthorized endorsement of settlement check).

¶15 We also agree that Attorney Bartz should pay $1,081.05[9] in restitution to P.M. and $2,191.80[10] in restitution to the

---

[9] The OLR notes that the amount payable to P.M. includes the funds which should have been distributable to P.M. after Attorney Bartz settled the Walnut Grove claim ($1,079.20) and the fees Attorney Bartz took in excess of the settlement statement ($1.85).

7

Fund. Because Attorney Bartz entered into a comprehensive stipulation, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶16 IT IS ORDERED that the license of David J. Bartz to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶17 IT IS FURTHER ORDERED that within 60 days of the date of this order, David J. Bartz shall pay restitution as follows: $1,081.05 to P.M. and $2,191.80 to the Wisconsin Lawyers' Fund for Client Protection.

¶18 IT IS FURTHER ORDERED that the October 16, 2012 temporary suspension of David J. Bartz's license to practice law in Wisconsin, due to his willful failure to cooperate with the OLR's grievance investigation in this matter, is lifted.[11]

---

[10] Although both the OLR's complaint and the stipulation state that Attorney Bartz should be ordered to pay $2,191.30 in restitution to the Fund, the complaint states that Walnut Grove agreed to accept $2,191.80 to settle its bill and that the Fund paid P.M. $2,191.80. As a result, it appears the $2,191.30 figure is a typographical error and Attorney Bartz should be ordered to pay $2,191.80 in restitution to the Fund.

[11] On March 4, 2015, the OLR filed a report and recommendation stating that Attorney Bartz's law license should be reinstated from the October 16, 2012 temporary suspension. The suspension arose out of Attorney Bartz's failure to cooperate in two grievance investigations. One of those investigations resulted in the complaint that was filed in this case. The OLR states that its investigation into the second grievance is ongoing.

¶19  IT IS FURTHER ORDERED that, to the extent he has not already done so, David J. Bartz shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.