# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1887-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Suzanne E. Kitto, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>  v.<br>Suzanne E. Kitto,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KITTO

| | |
|---|---|
| OPINION FILED: | June 19, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

**2018 WI 71**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP1887-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Suzanne E. Kitto, Attorney at Law:**

**Office of Lawyer Regulation,**

            **Complainant,**

    **v.**

**Suzanne E. Kitto,**

            **Respondent.**

**FILED**

**JUN 19, 2018**

Sheila T. Reiff
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a referee's report and recommendation concluding that Attorney Suzanne E. Kitto violated the rules of professional conduct in connection with her representation of W.C. and C.C. The referee recommended that this court impose a 60-day suspension of Attorney Kitto's law license. We adopt the referee's findings of fact, conclusions of law, and recommendation regarding discipline. We impose the full costs in this matter, which total $1,310.32

as of April 17, 2018. We do not impose restitution, as the Office of Lawyer Regulation (OLR) has confirmed that Attorney Kitto has made full restitution to W.C. and C.C.

¶2 Attorney Kitto was admitted to practice law in Wisconsin in 1972. She has no disciplinary history.

¶3 On September 27, 2017, the OLR filed a complaint against Attorney Kitto alleging five counts of professional misconduct arising out of her representation of W.C. and C.C. Attorney Kitto filed an answer by which she admitted all but one of the OLR's factual allegations, affirmatively alleged certain additional facts, and admitted all five counts of misconduct. This court appointed William Eich to serve as the referee in the matter.

¶4 Attorney Kitto later entered into a stipulation by which she agreed that the referee could use the allegations of the complaint as a factual basis for the referee's determination of misconduct. The parties agreed to brief the issue of the appropriate level of discipline to be imposed for Attorney Kitto's misconduct.

¶5 After receiving briefing on the issue of discipline, the referee filed a report recommending a 60-day suspension of Attorney Kitto's law license. In noting that the parties had stipulated that the OLR complaint provided an adequate factual basis for a misconduct determination, the referee implicitly incorporated by reference the undisputed allegations in the OLR's complaint and deemed them established. The facts before us are, then, as follows.

2

¶6 Starting in July 2013, Attorney Kitto represented W.C. and C.C with regard to collection work on a land contract. The other party to the land contract made the land contract payments to W.C. and C.C. through Attorney Kitto's office. W.C. and C.C. agreed that Attorney Kitto would collect ten percent of the land contract payments for her fees, and would apply the remainder of the payments to real estate taxes, the mortgage on the property, and property insurance.

¶7 Attorney Kitto erred in her caretaking of W.C. and C.C.'s funds. She failed to hold in trust the land contract payments that she received on W.C. and C.C.'s behalf. She also converted approximately $10,000 of these payments to her personal use.

¶8 Attorney Kitto made other trust fund-related violations. She deposited personal funds into her client trust account, ostensibly for later use in paying her own personal debts. Attorney Kitto also disbursed funds from her trust account when there were insufficient funds in the account to cover the disbursement.

¶9 Based on the stipulated facts set forth above, Attorney Kitto conceded the following five counts of misconduct:

- Count 1: By failing to promptly deliver funds, which she collected in connection with her representation of W.C. and C.C., to W.C. and C.C. or to third parties for W.C. and C.C.'s benefit,

Attorney Kitto violated former SCR 20:1.15(d)(1)[1] and current SCR 20:1.15(e)(1).[2]

- Count 2: By failing to hold in trust W.C. and C.C.'s funds that she collected in connection with her representation of W.C. and C.C., Attorney Kitto violated SCR 20:1.15(b)(1).[3]

---

[1] Former SCR 20:1.15(d)(1), effective prior to July 1, 2016, provided:

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[2] Current SCR 20:1.15(e)(1) provides:

Upon receiving funds or other property in which a client has an interest, or in which a lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[3] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

- Count 3: By converting funds belonging to W.C. and C.C. for her own personal use, Attorney Kitto violated SCR 20:8.4(c).[4]

- Count 4: By depositing and retaining funds belonging to her in her client trust account, Attorney Kitto violated former SCR 20:1.15(b)(3).[5]

- Count 5: By disbursing funds from her trust account without the funds being available for disbursement, Attorney Kitto violated SCR 20:1.15(f)(4)(a).[6]

¶10 In its brief on sanctions to the referee, the OLR argued that a 60-day suspension is called for by certain of our prior cases. See, e.g., In re Disciplinary Proceedings Against Sarbacker, 2017 WI 86, 377 Wis. 2d 484, 901 N.W.2d 373 (lawyer with two previous private reprimands suspended for 60 days based on six counts of misconduct, including failing to hold garnishment funds belonging to clients in a trust account and misappropriating approximately $2,000 of those funds); In re Disciplinary Proceedings Against Lunde, 2016 WI 84, 372 Wis. 2d 1, 886 N.W.2d 87 (lawyer with previous public reprimand suspended for 60 days based on five counts of misconduct,

---

[4] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] Former SCR 20:1.15(b)(3), effective prior to July 1, 2016, provided: "No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[6] SCR 20:1.15(f)(4)(a) provides: "A lawyer shall not disburse funds from any trust account unless the deposit from which those funds will be disbursed has cleared, and the funds are available for disbursement."

including failing to hold funds due to a beneficiary of a life insurance policy in a trust account, and maintaining a trust account balance that fell below the amount of funds received and to be held on behalf of the beneficiary); In re Disciplinary Proceedings Against Bartz, 2015 WI 61, 362 Wis. 2d 752, 864 N.W.2d 881 (lawyer with previous private reprimand suspended for 60 days based on five counts of misconduct, including failing to disburse settlement funds and failing to cooperate with an OLR investigation).

¶11 In her brief to the referee, Attorney Kitto requested a public reprimand. She emphasized that she had experienced health difficulties during the time period in question, and that she had relied on her former assistant to ensure that client funds were being properly handled.

¶12 The referee recommended a 60-day suspension of Attorney Kitto's license in his report. The referee wrote that other cases involving analogous misconduct "have had little trouble imposing a 60-day suspension, often . . . noting that harsh sanctions should be expected to follow as a warning to other lawyers that this type of conduct cannot be tolerated." The referee characterized Attorney Kitto's misconduct as serious indeed: W.C. and C.C. were individual clients, and Attorney Kitto converted a significant sum of their funds——over $10,000. The referee dismissed as factually unsupported Attorney Kitto's attempt to assign blame for her trust account-related problems to her former assistant. The referee also noted that, according to the OLR's brief on sanctions, it had taken Attorney Kitto's

medical issues into account in formulating its recommendation for a 60-day suspension; thus, the referee did not assign additional weight to that factor. As mitigating factors, the referee noted that Attorney Kitto has not been previously disciplined; she has fully reimbursed W.C. and C.C.; and she cooperated with the OLR's investigation of the charges. Given these facts and the applicable precedent, the referee concluded that a 60-day suspension would be appropriate.

¶13 Neither party appealed the referee's report, so this matter is submitted to the court for review pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶14 We agree with the referee that a 60-day suspension is appropriate. We find our recent decision in Sarbacker, 377 Wis. 2d 484, to be particularly instructive. Attorney Sarbacker's clients hired him to collect on a money judgment they had obtained against a tenant. Id., ¶¶5-6. After Attorney Sarbacker arranged for the debtor's wages to be garnished, he began receiving weekly garnishment checks on behalf of his clients. Id., ¶6. He deposited some of the checks, totaling $892.23, into his trust account, but then disbursed almost all

7

of those funds to himself or his law office rather than to his clients.  Id., ¶13.  He deposited other checks, totaling $1,273.49, directly into his operating account rather than disbursing the funds to his clients.  Id.  Attorney Sarbacker committed other misdeeds:  he represented the clients pursuant to an unwritten contingent fee agreement; he failed to timely cooperate with the OLR; and he faced one count of misconduct based on his plea of no contest to unrelated misdemeanor charges filed against him.  Id., ¶14.  Focusing heavily on the conversion allegations, we imposed a 60-day suspension.  Id., ¶¶23-24.

¶15  Sarbacker and this case are alike in important ways. Both Attorney Kitto and Attorney Sarbacker regularly received funds on behalf of their clients, and they regularly mishandled the funds in similar fashion, failing to faithfully hold them in trust and misappropriating some portion of them.

¶16  To be sure, the two cases are not exactly alike. Attorney Sarbacker had a disciplinary history (two private reprimands), whereas Attorney Kitto does not.  Attorney Kitto converted a significantly larger amount of funds than did Attorney Sarbacker.  Attorney Sarbacker committed certain forms of misconduct that Attorney Kitto did not, and vice versa.

¶17  In the end, however, we find the misconduct here to be sufficiently analogous to that in Sarbacker to justify the same suspension length:  60 days.  This suspension length is also generally supported by other cases cited by the OLR to the referee.  See, e.g., In re Disciplinary Proccedings Against

8

Lunde, 372 Wis. 2d 1; In re Disciplinary Proceedings Against Bartz, 362 Wis. 2d 752.

¶18 We also deem it appropriate, as is our usual custom, to impose the full costs of this disciplinary proceeding on Attorney Kitto.

¶19 Finally, because Attorney Kitto has made full restitution to W.C. and C.C., the OLR does not seek restitution, and we do not impose it.

¶20 IT IS ORDERED that Suzanne E. Kitto's license to practice law in Wisconsin is suspended for a period of 60 days, effective July 31, 2018.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order Suzanne E. Kitto shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,310.32 as of April 17, 2018.

¶22 IT IS FURTHER ORDERED that, to the extent that she has not already done so, Suzanne E. Kitto shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶23 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

1