# Supreme Court of Wisconsin

| | |
|---|---|
| Case No.: | 2021AP518-D |

| | |
|---|---|
| Complete Title: | In the Matter of Disciplinary Proceedings Against Sandra J. Zenor, Attorney at Law: |

Office of Lawyer Regulation,
      Complainant,
    v.
Sandra J. Zenor,
      Respondent.

DISCIPLINARY PROCEEDINGS AGAINST ZENOR

| | |
|---|---|
| Opinion Filed: | September 28, 2021 |
| Submitted on Briefs: | |
| Oral Argument: | |

| | |
|---|---|
| Source of Appeal: | |
|   Court: | |
|   County: | |
|   Judge: | |

| | |
|---|---|
| Justices: | |
| Per Curiam. | |
| Not Participating: | |

| | |
|---|---|
| Attorneys: | |

**2021 WI 77**

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.  2021AP518-D

STATE OF WISCONSIN                    :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Sandra J. Zenor, Attorney at Law:**

**Office of Lawyer Regulation,**

              **Complainant,**

      **v.**

**Sandra J. Zenor,**

              **Respondent.**

**FILED**

**SEP 28, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.  We review a report filed by Referee Robert E. Kinney, accepting a stipulation executed by Attorney Sandra J. Zenor and the Office of Lawyer Regulation (OLR), in which Attorney Zenor pled no contest to four counts of professional misconduct and agreed that the allegations of the OLR's complaint were established by clear, satisfactory, and convincing evidence.  Consistent with the terms of the stipulation, the referee recommends that we suspend Attorney Zenor's law license for 60 days.  The referee also recommends we order Attorney Zenor to pay the full costs of this proceeding,

which total $1,733.49 as of July 6, 2021. The OLR did not request restitution, having advised this court that Attorney Zenor made full restitution in this disciplinary matter.

¶2 We adopt the referee's findings of fact and conclusions of law as derived from the parties' stipulation, which permits the referee to rely on the factual allegations in the OLR's complaint. We agree that a 60-day suspension is appropriate, and we impose the full costs of this proceeding on Attorney Zenor. The OLR indicates that restitution has been made so we do not impose a restitution order.

¶3 Attorney Zenor was admitted to the practice of law in 1985 and she practices in Watertown, Wisconsin. Until this matter she had no disciplinary history.

¶4 This matter arises from Attorney Zenor's representation of J.L. Attorney Zenor commenced a negligence lawsuit on J.L.'s behalf in August 2013. In the ensuing year, Attorney Zenor learned that her client owed money to two entities for services in connection with the dispute. In May 2014, Attorney Zenor settled the case on J.L.'s behalf and she deposited the settlement check into her trust account. She timely disbursed the settlement funds to her client and paid her own attorney fees. However, she failed to pay the two entities who were owed a total of $2,157.50, despite reminders from both the client and her own office manager. Eventually, the debts were submitted to collection agencies, yet Attorney Zenor still failed to respond to her client's repeated requests that she resolve the debts. During this time, the amounts in Attorney

2

Zenor's trust account also varied, such that Attorney Zenor technically used funds in the trust account for her own personal use. Attorney Zenor finally satisfied the two outstanding financial obligations in October 2019.

¶5 On March 25, 2021, the OLR filed a disciplinary complaint against Attorney Zenor alleging four counts of professional misconduct in connection with the J.L. matter. Referee Kinney was appointed on April 15, 2021. On April 20, 2021, Attorney Zenor filed an answer stating she pled no contest to all the charges and, on June 8, 2021, the parties entered into and filed a stipulation in which Attorney Zenor pled no contest to all the allegations of misconduct and the parties agreed that a 60-day suspension would be an appropriate sanction for Attorney Zenor's admitted misconduct.

¶6 The referee considered the pleadings, the parties' stipulation, and the OLR's sanctions brief which cites caselaw supporting the recommended 60-day license suspension. The referee issued a report on June 16, 2021, recommending we accept the stipulation and impose the recommended discipline. No appeal from that report was filed so we consider this matter pursuant to Supreme Court Rule (SCR) 22.17(2).[1]

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate
>
> (continued)

3

¶7 The facts found by the referee derive from the parties' stipulation and the OLR's complaint. Attorney Zenor was charged with depositing settlement funds that were owed to third parties into her corporate checking account and failing to hold those funds in trust, in violation of SCR 20:1.15(b)(1); failing to promptly deliver the funds to the entities which were entitled to receive them, in violation of former SCR 20:1.15(d)(1) and SCR 20:1.15(e)(1); failing to respond to inquiries from her client requesting information, in violation of SCR 20:1.4(a)(4); and converting settlement funds owed to others to her own personal use, in violation of SCR 20:8.4(c).[2]

¶8 The referee noted that the stipulation confirms that it was not the result of plea bargaining but reflects Attorney Zenor's voluntary decision not to contest this matter. Attorney Zenor represented and verified that she fully understands the allegations to which she stipulated in this disciplinary matter; she fully understands her right to contest this matter; she fully understands the ramifications of her entry into the stipulation; she fully understands that she has the right to consult counsel; and confirms that her entry into the stipulation was made knowingly and voluntarily.

¶9 Based on Attorney Zenor's no contest plea and the terms of the stipulation, the referee found that all of the

---

discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] See infra at notes 3-6.

4

factual contents of the disciplinary complaint were true and accurate and they establish an adequate factual basis for each of the four counts of alleged misconduct. The referee then determined, pursuant to SCR 22.14(2), that Attorney Zenor committed each of the counts of misconduct set forth in the complaint:

**COUNT 1:** By depositing the settlement funds that were owed to two entities into her corporate checking account and failing to hold those funds in trust, Attorney Zenor violated SCR 20:1.15(b)(1).[3]

**COUNT 2:** By failing to promptly deliver to two entities the funds they were entitled to receive, Attorney Zenor violated former SCR 20:1.15(d)(l) and SCR 20:1.15(e)(1).[4]

---

[3] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[4] Effective July 1, 2016, substantial changes were made to SCR 20:1.15, the "trust account rule." See S. Ct. Order 14-07, 2016 WI 21 (issued Apr. 4, 2016, eff. July 1, 2016). Former SCR 20:1.15(d)(1) was renumbered as SCR 20:1.15(e)(1). The text of the rule was not changed and provides:

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to

(continued)

5

**COUNT 3:** By failing to respond to her client's telephone calls and letter requesting information, Attorney Zenor violated SCR 20:1.4(a)(4).[5]

**COUNT 4:** By converting the settlement funds owed to two entities for her own personal use, Attorney Zenor violated SCR 20:8.4(c).[6]

¶10 The referee next considered the appropriate sanction. In determining the appropriate sanction to be recommended the referee must weigh the following factors: the seriousness, nature and extent of the misconduct; the level of discipline needed to protect the public; the need to impress upon the attorney the seriousness of the misconduct; and the need to deter other attorneys from similar misconduct. In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, 269 Wis. 2d 43, 675 N.W.2d 747. Sources of guidance in determining appropriate sanctions include prior case law, aggravating and mitigating factors, and the American Bar Association (ABA) Standards for Imposing Lawyer Sanctions. In re Disciplinary Proceedings Against Arthur, 2005 WI 40, 279 Wis. 2d 583, 694 N.W.2d 910.

¶11 Referee Kinney considered the cases cited by the OLR in support of the parties' joint stipulation for a 60-day

the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[5] SCR 20:1.4(a)(4) provides:  "A lawyer shall promptly comply with reasonable requests by the client for information."

[6] SCR 20:8.4(c) provides:  "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

suspension. In particular, the referee considered instructive In re Disciplinary Proceedings Against Kitto, 2018 WI 71, 382 Wis. 2d 368, 913 N.W.2d 874. Like Attorney Zenor, Attorney Kitto was an experienced attorney with no prior disciplinary record when her law license was suspended for 60 days for converting approximately $10,000 of trust account money for her own personal use. See also In re Disciplinary Proceedings Against Sarbacker, 2017 WI 86, 377 Wis. 2d 484, 901 N.W.2d 373 (imposing 60-day suspension for converting approximately $2,000); In re Disciplinary Proceedings Against Lunde, 2016 WI 84, 372 Wis. 2d 1, 866 N.W.2d 87 (imposing 60-day suspension for conversion of life insurance proceeds); and In re Disciplinary Proceedings Against Bartz, 2015 WI 61, 362 Wis. 2d 752, 864 N.W.2d 881 (imposing 60-day suspension for conversion of personal injury settlement proceeds).

¶12 The referee observed that while Attorney Zenor's misconduct was perhaps less serious than that in the cited cases, she nonetheless allowed more than five years to elapse before she finally released funds to pay off the two claims, causing non-payment penalties to accrue, subjecting her client to collection calls, then failing to respond to her client's repeated efforts to contact her. On balance, informed by Wisconsin caselaw and the ABA Standards for Imposing Lawyer Sanctions, the referee accepted the proposed sanction and recommends this court suspend Attorney Zenor's law license for a period of 60 days. The referee also recommends we impose the full costs of this proceeding on Attorney Zenor. As noted, the

7

OLR has stated that Attorney Zenor made full restitution, so no restitution order is sought.

¶13  Considering all of the above, we accept the referee's findings of fact and conclusions of law as derived from the stipulation and the OLR complaint, and we agree with the recommended sanction and the imposition of costs.  Therefore,

¶14  IT IS ORDERED that the license of Sandra J. Zenor to practice law in Wisconsin is suspended for a period of 60 days, effective November 9, 2021.

¶15  IT IS FURTHER ORDERED that within 60 days of the date of this order, Sandra J. Zenor shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,733.49 as of July 6, 2021.

¶16  IT IS FURTHER ORDERED that, to the extent that she has not already done so, Sandra J. Zenor shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶17  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.  See SCR 22.28(2).

8